IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

PABLO ITURRALDE HERNANDEZ )
)
    Petitioner, )
)
v. ) CIVIL ACTION NUMBER
)
IMMIGRATION AND NATURALIZATION ) 96-MC-2876-E
SERVICE, )
)
)
    Respondent. )

MEMORANDUM OF OPINION

    The issue presented is whether this Court has jurisdiction over this action for habeas corpus and civil rights relief under the 1996 Illegal Immigration Reform and Immigrant Responsibility Act.

I.

    Petitioner Pablo Iturralde Hernandez ("Hernandez") alleges that he continues to be illegally detained by the Immigration Naturalization Service ("INS") at the United States penitentiary in Leavenworth, Kansas. The following facts, taken from the petition, are deemed true for purposes of this proceeding only.

    Petitioner entered the United States at Key West, Florida, on May 11, 1980, pursuant to the 1980 legal agreement between former President Carter and President Fidel Castro.[1] Upon

---

[1] Petitioner's entry occurred during the mass exodus of Cuban refugees in 1980 in the "Mariel Boat lift," when Castro

arrival, petitioner was detained by the INS at Fort Chaffee for four months, after which time he took up residence in Puerto Rico.

On September 7, 1986, petitioner accepted a plea bargain for the theft of 30 dollars, and served an eight year sentence in a community therapeutic prison in Puerto Rico. Petitioner was again detained by the INS on the date of his release, March 26, 1991, and was transferred to the US Federal Correctional Institution in Terrehaute, Indiana, and transferred yet again to the US penitentiary in Leavenworth in September, 1991.

Petitioner's mandatory release date from the bureau of prisons was dated March 26, 1991. However, petitioner remains incarcerated at Leavenworth under INS custody, where he has been *for nearly six years*. To date, petitioner is not aware of any order issued by the Attorney General for petitioner's indefinite detention.

Petitioner seeks his immediate release, and if deportation is in order, then for the immediate execution of his deportation order.

## II.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 has removed virtually all federal court jurisdiction over appeals from INS decisions. The avenues of redress before the federal district courts are narrow, as the Act only allows

---

opened up the prisons and asylums for emigration to the United States.

certain enumerated issues of fact to be heard by a federal court on appeal from the administrative law judge.

Essentially, the Act only allows the *federal district court for the District of Columbia* to hear the following three issues of fact, and only then for habeas corpus proceedings:

>  (i)    whether the petitioner is an alien,
>
>  (ii)   whether the petitioner was ordered removed under [section 235(b)(1) governing removal of inadmissible arriving aliens], and
>
>  (iii)  whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent resident, has been admitted as a refugee, ... or has been granted asylum, ... such status not having been terminated.

<u>Illegal Immigration Reform and Immigrant Responsibility Act of 1996</u>, Pub. L. No. 104-208, § 242, 110 Stat. 3009, p.1627 (1996).

Jurisdiction is limited even further for challenges to INS decisions made under section 235(b) (removal of inadmissible arriving aliens) -- inquiries are limited to whether the particular regulation or section involved is constitutional, or is otherwise consistent with the provisions of the Act. In all other instances, the court may not question the determination to remove, or the procedures and policies of the Attorney General to implement § 235(b).

Congress also limited the ability of the district court to grant relief. The court may only require that petitioner be provided a hearing if the court finds that either the petitioner was actually not ordered removed, or that petitioner was lawfully admitted to the US -- the court is precluded from granting any

3

injunctive or declaratory relief.

### III.

This Court lacks jurisdiction over this habeas action under the 1996 Immigration Act. Although issues of fact concerning whether Mr. Hernandez entered the U.S. legally or whether he was in fact ordered removed may be heard by a federal disstrict court, this is not that court. The proper venue for this action is the federal district court for the District of Columbia.

By separate order, the petition shall be deemed without prejudice.

DONE this ___10th___ day of January, 1997.

                                                                UNITED STATES DISTRICT JUDGE
                                                                 U.W. CLEMON